Filed 2/9/22  P. v. Best CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>   v.<br><br>DARIN GAVIN BEST,<br><br>      Defendant and Appellant. | C092742<br><br>(Super. Ct. No. STKCR20204991) |

Appointed counsel for defendant Darin Gavin Best has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Our review of the record revealed the abstract of judgment listed certain fees that the trial court did not orally impose, and we will order correction of the abstract of judgment.  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

1

FACTUAL AND PROCEDURAL BACKGROUND

In April 2020, defendant possessed a controlled substance (methamphetamine) in a local prison. Defendant was charged with conspiracy to commit a crime (provide an inmate with a controlled substance) (Pen. Code, § 182, subd. (a)(1))[1] and unauthorized possession of a controlled substance in a prison (§ 4573.9, subd. (a)). It was further alleged defendant had a prior serious felony conviction. (§§ 1170.12, subd. (b), 667, subd. (d).)

In August 2020, defendant pleaded no contest to violating section 4573.6, subdivision (a). The remaining count and allegations were dismissed. That same day, the trial court sentenced defendant to three years in state prison, consecutive to any current sentence. The trial court imposed a $300 restitution fine (§ 1202.4, subd. (b)), a corresponding $300 parole revocation restitution fine (suspended unless probation is revoked) (§ 1202.45), and a $30 surcharge (§ 1464).

Despite the trial court's failure to so state during sentencing, the abstract of judgment further indicates that the trial court imposed a $40 court operations fee (§ 1465.8, subd. (a)(1)) and a $30 criminal conviction assessment fee (Gov. Code, § 70303).

Defendant filed a timely notice of appeal and obtained a certificate of probable cause.

DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right

---

[1] Undesignated statutory references are to the Penal Code.

to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Our review of the record revealed that the abstract of judgment listed a $40 court operations fee and $30 criminal conviction assessment fee that were not orally imposed by the trial court. We will order the trial court to correct the abstract of judgment to reflect the judgment imposed. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185 ["[a]n abstract of judgment is not the judgment of conviction; it does not control if different from the trial court's oral judgment and may not add to or modify the judgment it purports to digest or summarize"].)

We have undertaken an examination of the entire record and find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed. The trial court is directed to prepare a corrected abstract of judgment, and to forward a certified copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation.


\s\
BLEASE, Acting P. J.


We concur:


\s\
DUARTE, J.


\s\
KRAUSE, J.

3